UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

Antoine Lashawn Ward,

        Defendant.
_____/

Case No. 24-cr-20703

Hon. Jonathan J.C. Grey

## UNITED STATES' SENTENCING MEMORANDUM

After working for Brink's Inc. (Brink's) for five years, Antoine Lashawn Ward left the company amicably. A little over a year later, Ward used everything he learned at Brink's to plan and execute an armed robbery, stealing around $390,000. Ward took months surveilling various Brink's trucks, targeted a Home Depot known to have a dangerous exit, arrived hours before the theft, and attacked the victim from behind as he exited the Home Depot. Ward was also planning a second, nearly identical robbery, at the time he was arrested.

For these reasons and the reasons below, the government recommends a sentence at the midpoint of the guidelines, followed by a three-year term of supervised release.

1

I.   Facts

On October 25, 2024, Ward robbed a Brink's driver and his armored truck at gunpoint outside the Home Depot in Harper Woods, Michigan. Presentence Investigation Report (PSR) ¶ 9. Brink's employees knew that collecting deposits from this Home Depot was particularly dangerous because it had a blind exit. As the victim was inside the Home Depot, Ward crept up to the side of the entranceway—a place he'd be hidden as the victim opened the door. As the victim was exiting the Home Depot after collecting approximately $30,000, Ward ambushed him, knocked him to the ground, brandished a revolver, and demanded and stole the money. *Id.* Ward also took the victim's pistol. *Id.*

Ward then ordered the victim to get into the truck, followed the victim inside, and shut the side door. *Id.* Ward ordered the victim to handcuff himself to the steering wheel of the truck, and the victim complied. *Id.* ¶¶ 9-10. Ward opened the truck's vault, filled a bag with $362,000 in cash from the vault, and left with that cash along with the Home Depot deposit. *Id.* ¶ 10. Ward discarded the victim's pistol as he left. *Id.* Officers later found the bag containing the monetary deposit

from Home Depot in a neighboring yard, but the $362,000 from the truck's vault has not been recovered. *Id*.

Ward worked for Brink's for five years and quit in 2023. In the weeks leading up to the robbery, Ward exchanged messages with a co-conspirator including plans for the robbery and videos surveilling the Brink's truck Ward later robbed. *Id* ¶ 14. The two continued communicating after the robbery and had begun plans for a second robbery of a Brink's truck when Ward was arrested. The government provided additional details and examples in its response to the PSR. PSR pgs. A-1–A-3.

### III. Sentencing Factors

The government agrees with probation that the Defendant's correct guidelines are 147 to 162 months (including the mandatory consecutive 84 months for Count 2). PSR ¶ 70. Congress provided the factors that courts must consider when imposing a sentence in 18 U.S.C. § 3553(a). The government addresses the most relevant § 3553(a) factors below.

3

  A. <u>Nature and Circumstances of the Offense and the History and Characteristics of the Defendant, 18 U.S.C.§ 3553(a)(1)</u>

  The offense is serious. In many jurisdictions, such as Michigan, Armed Robbery is a life offense. MCL 750.89. As it stands, Ward must serve at least 84 months in prison for his crimes. Ward attacked the victim, robbed them at gunpoint, forced him into the armored truck, and then forced the victim to handcuff himself to the steering wheel. Ward stole hundreds of thousands of dollars from Brink's which has not been recovered. Moreover, Ward used everything he had learned from Brink's to harm his former colleague. He knew that the Brink's drivers typically drove alone, he knew that the Home Depot had a blind exit he could exploit, and he knew how to access the vault to quickly secure cash. Ward stole almost $400,000, the minority of which he dropped near the scene. The rest of the money has not been recovered. Ward was also planning a second, similar robbery at the time he was arrested.

  To his credit, Ward has no prior criminal history. However, weighed against his lengthy planning sessions for two armed robberies as well as his violent acts against the driver, this factor still weighs in favor of a sentence at the midpoint of the guidelines.

B.    <u>The Need to Provide Restitution to Any Victims of the Offense (a)(7).</u>

The government agrees with probation's assessment that Ward owes restitution as laid out in the PSR. PSR ¶ 17. The government requests that the Court also order Ward to participate in the Inmate Financial Responsibility Program while in custody and impose the terms of supervised release listed in PSR ¶ 98.

## IV.  Conclusion

The United States recommends a sentence at the midpoint of the guidelines followed by three years of supervised release.

> Respectfully submitted,
>
> JEROME F. GORGON JR.
> United States Attorney
>
> *s/Micah S. Wallace*
> Micah S. Wallace
> Assistant United States Attorney
> 211 West Fort Street, Suite 2001
> Detroit, MI 48226
> 313-226-9591
> Micah.Wallace@usdoj.gov

Date: February 4, 2026

## **CERTIFICATE OF SERVICE**

I certify that on February 4, 2026, I electronically filed the Government's Sentencing Memorandum with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to the following: Stacy M. Studnicki, Attorney for Defendant Antoine Lashawn Ward.

                                        *s/Micah S. Wallace*
                                        Micah S. Wallace
                                        Assistant United States Attorney
                                        211 West Fort Street, Suite 2001
                                        Detroit, MI 48226
                                        313-226-9591
                                        Micah.Wallace@usdoj.gov